JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY (CSBN 176106)
Counsel for FLSA
Office of the Solicitor
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-4983
Facsimile: (213) 894-2064
Email: seletsky.susan@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **PATRICK PIZZELLA**, Acting Secretary of Labor, United States Department of Labor[1], <br><br> Plaintiff, <br><br> v. <br><br> **SSC APPAREL, INC**. doing business as Soprano and Mai Tai; **ALEXIS SEON KIM**, an individual, **SEON JU (JULIE) YOON**, an individual, <br><br> Defendants. | Case No. 2:18-cv-2333-CAS(AGRx) <br><br> **CONSENT JUDGMENT** |

    Plaintiff Patrick Pizzella, Acting Secretary of Labor, U.S. Department of Labor ("Secretary"), and Defendants, SSC Apparel, Inc., Alexis Seon Kim and Seon Ju (Julie) Yoon ("collectively Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Judgment in accordance herewith:

---

    [1] Patrick Pizzella was named Acting Secretary of Labor on July 19, 2019, following the resignation of R. Alexander Acosta.

A.     The Secretary has filed an Amended Complaint alleging that the Defendants violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), from which they accrued ill-gotten gains;

B.     The Defendants have appeared by counsel and answered the Amended Complaint in this matter;

C.     The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest;

E.     The Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

## FACTUAL BACKGROUND

F.     Defendant SSC Apparel, Inc., which does business under the labels Soprano and Mai Tai ("SSC"), is a garment manufacturer that has contracted with domestic garment factories that work on the textiles and designs supplied by the Defendant.  The work subcontracted to these domestic factories ("garment contractors") includes the sewing and finishing of the garments.  When the garment contractors conclude their portion of the work on the Defendant's goods, those goods are shipped to Defendant or Defendant's retail customers, for sale in commerce.  Under the FLSA's "Hot Goods" provision, Section 15(a)(1), 29 U.S.C. § 215(a)(1), all persons are prohibited from introducing into commerce goods that have been worked on employees who were not paid the wages required under the FLSA.

G.     After investigations by the Wage and Hour Division of the U.S. Department of Labor ("Wage and Hour") identified minimum wage and overtime violations at factories SSC used to make its garments, Defendant Seon Ju (Julie) Yoon ("Julie Yoon") signed a Consent Judgment on behalf of SSC in 2010.  The Consent Judgment enjoined SSC and "its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order," from violating FLSA §15(a)(1), 29 U.S.C. § 215(a)(1).  Specifically, the Consent Judgment

enjoined Soprano and its owners and officers, Alexis Seon Kim ("Alexis Kim") and Julie Yoon from shipping goods that had been worked on by employees in violation of the FLSA's minimum wage or overtime provisions.

H.     During the period of approximately March 2017 through March 2018, Ceiko Production, Inc., formerly known as Kenny Sewing ("Ceiko"), located at 208 W. 8th St., Los Angeles, CA  90014, was a garment sewing contractor that produced finished garments for Defendants.   Ceiko employed workers in producing, handling or working on goods a substantial portion of which was shipped, delivered, or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery, or sale to places outside of California was intended.   Ceiko's employees were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

I.     Defendants approved using Ceiko to sew their goods.  The Secretary has alleged that Defendants did not comply with the terms of the Consent Judgment, such as discussing the Consent Judgment and FLSA compliance with Ceiko, prior to Ceiko working on garments for Soprano.  The Secretary also alleged that Defendants did not take any action to determine if the sewing fee they paid Ceiko for the garments it produced would enable Ceiko to pay its employees the minimum wage and overtime required under the FLSA.

J.     An investigation conducted by Wage and Hour determined that Ceiko produced garments exclusively for Defendants during the period of March 2017 through March 2018.  Based upon this investigation, the Secretary determined that during this period, Ceiko's employees were not paid the minimum wage and overtime required under the FLSA when they worked on Defendants' garments.

K.     The Secretary has alleged that Defendant Alexis Kim did not take any action to determine if Ceiko was paying its employees in accord with the FLSA, in violation of her obligations under FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1) and the Consent Judgment entered in 2010.

L.     The Secretary has alleged that Defendant Julie Yoon did not take any action

to determine if Ceiko was paying its employees in accord with the FLSA, in violation of her obligations under FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1) and the Consent Judgment entered in 2010.

M.   Defendants submit that they have changed their business practices and effectively ceased using domestic sewing contractors.  They intend to import their finished garments from abroad, but acknowledge there may be instances when they will need to use domestic contractors to sew their garments.   They have agreed that they will abide by the Compliance Terms set forth below whenever they use domestic contractors in the future.

It is, therefore, upon motion by attorneys for the Secretary, and for cause shown:

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1)   Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

2)   Defendants shall not fail to disgorge, from the proceeds of their having sold or shipped in commerce goods that had been worked on by employees of Ceiko/Kenny who were not paid the minimum wage and overtime required by the FLSA, 29 U.S.C. §§ 206 and 207, the amount of $135,409.24, which is inclusive of the back wages alleged to be owed to employees of Ceiko/Kenny in the amount of $100,409.24.

1     3)     Judgment is hereby entered in the amount of $135,409.24 against

2   Defendants SSC, Alexis Kim and Julie Yoon.

3     4)     Within thirty (30) days of the entry of this Judgment, the Defendants will

4   remit the gross amount of $135,409.24 to the Secretary as follows:

5     A.  Defendants will deliver eleven individual cashier's checks made payable to the

6   persons and in the amounts reflected in the attached Exhibit A to the Office of the

7   Solicitor, 350 South Figueroa Street, Suite 370, Los Angeles, CA 90071.

8     1.  The Secretary shall distribute these checks to the Ceiko workers on the

9   attached Exhibit A.

10     2.  Any money not so paid within one year, because of an inability to locate

11   the proper persons or their refusal to accept it, shall be returned to Defendants, and

12   Defendants shall in exchange issue a cashier's check made payable to the DOL in the

13   amount of the uncashed money and shall be then deposited into the U.S. Treasury

14   pursuant to 28 U.S.C. 2041 and 2042.

15     B.  Defendants will deliver a cashier's check made payable to DOL in the amount

16   of $47,911.00. The face of the check shall indicate the words "SSC-Ceiko restitution."

17     a.  The Secretary shall allocate and distribute this remittance, or the

18   proceeds therefore, to the persons named in Exhibit B, or to their estates if that be

19   necessary. Any money not so paid within one year, because of an inability to locate the

20   proper persons or their refusal to accept it, shall be then deposited into the U.S. Treasury

21   pursuant to 28 U.S.C. 2041 and 2042;

22   The Secretary's receipt of these funds represents full restitution of the amounts

23   due under the FLSA to any and all Ceiko workers who worked on SSC's garments. The

24   Secretary shall file a Satisfaction of Judgment upon receipt of the eleven individual

25   cashier's checks made payable to the persons and in the amounts reflected in the

26   attached Exhibit A and the cashier's check made payable to DOL in the amount of

27   $47,911.00 as set forth above.

28                     <u>Compliance terms</u>

**Consent Judgment**                                         **Page 5 of 13**

5)     Defendants shall not enter into any contract with any domestic garment contractor unless they have first notified the Department of Labor of their intent to do so, and satisfied the requirements set forth in this paragraph:

    A.   The term "contractor" as used herein applies to all domestic contractors who are intended to perform any work on SSC's garments, including sewing, trimming, cutting, dying, washing, ironing and any other function necessary to complete the physical production of SSC's garments;

    B.   Notification to the DOL must be in writing, and must be delivered to

        District Director

        Wage and Hour, U.S. Dept. of Labor

        915 Wilshire Blvd., Suite 960

        Los Angeles, CA  90017

with a second copy to be sent electronically to smith.hester@dol.gov.

    1.   Notification must, at a minimum, include the name of the contractor, address, telephone number, and name(s) and cell phone number(s) of all persons who manage the factory including the person who is the contact for SSC;

    2.   The notice must also include the following information about the intended order:  retailer, quantity, date order is intended to be given to the contractor, date order must be delivered to SSC, date order is due to the retailer.  The notification must also include a copy of the monitoring report, as set forth in paragraph 6, below;

    3.   The notice must be delivered to the above addresses at least 14 calendar days prior to entering into the order with the contractor;

6.   Monitor the contractor before the contractor begins work on the order including:

    A.   obtaining the hours the establishment is open for business, including whether employees are expected to work on the weekends;

    B. discussing with the contractor how to calculate overtime when employees

are paid on a piece rate basis;

C. the contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

D. providing the contractor with templates for time and payroll records, to accurately capture all hours worked and all wages paid, including the basis for the wages, i.e., hourly or piece rate. Records must include, at a minimum, all of the information required by the FLSA the contractor's obligation to inform Defendants immediately whenever the contractor is unable to meet any requirement of the FLSA.

7. Monitor the contractor during the second week of work on SSC's order by:

A. confidentially interviewing at least 20% of the contractor's current employees to determine if they were paid the minimum wage and overtime required under the FLSA for the prior work week, i.e., the first week they performed labor on SSC's garment order.

8. Defendants Alexis Kim and Julie Yoon shall visit the contractor's facility within the first 3 business days of the contractor beginning work on SSC's order, to acquaint themselves with the establishment. They shall also distribute a Notice to the workers (in the workers' native language(s) and English) advising the workers that they are entitled to be paid minimum wage and overtime for all hours they work, regardless of whether they are paid on a piece rate basis or hourly and providing a telephone number at SSC for the worker to call if he or she has concerns. Both individual Defendants shall maintain a record of their visit, and any calls made by contractor workers, for a period of one year after the visit and produce it to representatives of the Department of Labor upon their request.

9. Defendants shall ensure that SSC personnel, including the production manager and/or HR manager, conduct random and unannounced visits of the contractor's facility when it is working on SSC goods, at least once a week during each week the contractor is

working on SSC's goods, to review and take copies of the contractor's records. Among
other things, SSC staff shall determine whether there are time cards for every worker and
whether the time keeping mechanism works. SSC staff shall also make copies of the
contractor's records so that SSC has full time and payroll records for every work week the
contractor is laboring on SSC garments.

10. Defendants shall produce all records requested by Wage and Hour, including
all production records, price sheets, retailer information, purchase orders, invoices
within 3 business days of any such request; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by
such party in connection with any stage of this proceeding, including but not limited to
attorneys' fees, which may be available under the Equal Access to Justice Act, as amended;
and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of
enforcing compliance with the terms of this Consent Judgment.

Dated: September 23, 2019

_____
CHRISTINA A. SNYDER
U.S. District Court Judge

///
///
///
///
///
///
///
///
///

1    ///

2    ///

3    ///

4    For the Secretary:

5

6    Dated:  9/19/19            KATE S. O'SCANNLAIN
                                Solicitor of Labor
7

8                              JANET M. HEROLD
                                Regional Solicitor
9

10                             /s/
                               _____
11                             SUSAN SELETSKY
                                Counsel for Wage Hour
12                             Attorneys for Plaintiff, Secretary of Labor

13   Dated:  9/19/19            For Defendant SSC Apparel

14

15

16                             _____
                                Julie Yoon
17

18   Dated:  9/19/19            For Defendant Alexis Seon Kim

19

20

21                             _____
                                Alexis Kim
22

23   Dated:  9/19/19            For Defendant Seon Ju (Julie) Yoon

24

25                             _____
                                Julie Yoon
26

27   Dated:  9/19/19            LARRY LEE
                                Diversity Law Group
28

Exhibit A

| First Name | Last Name | Period Covered | Amount Due |
|---|---|---|---|
| | | | |
| Zoila | Altamirano | 03/01/2017 – 03/01/2018 | $ 8,494.97 |
| Adan | Alvarado | 03/01/2017 – 03/01/2018 | $ 8,494.97 |
| Juan | Chavez | 03/01/2017 – 03/01/2018 | $ 8,494.97 |
| Juana | Garcia | 03/01/2017 – 03/01/2018 | $ 6,965.88 |
| Maruca | Guonon | 03/01/2017 – 03/01/2018 | $ 8,325.08 |
| Ernesta | Hernandez | 03/01/2017 – 03/01/2018 | $ 8,494.97 |
| Domingo | Huinac | 03/01/2017 – 03/01/2018 | $ 7,645.48 |
| Eulalia | Jose | 03/01/2017 – 03/01/2018 | $ 8,494.97 |
| Edil Lopez | Lopez | 03/01/2017 – 03/01/2018 | $ 8,494.97 |
| Magdalena | Pastor | 03/01/2017 – 03/01/2018 | $ 5,096.98 |
| Salvador Gomez | Tzita | 03/01/2017 – 03/01/2018 | $ 8,494.97 |

Exhibit B

| First Name | Last Name | Period Covered | Total Amount Due |
|---|---|---|---|
| Catarina | Ajitaz | 03/01/17 – 03/01/18 | $ 611.63 |
| Maria | Alvarado | 03/01/17 – 03/01/18 | $509.69 |
| Maria | Alvarado | 03/01/17 – 03/01/18 | $1,834.89 |
| Jose | Antunez | 03/01/17 – 03/01/18 | $101.94 |
| Alejandro | Becera | 03/01/17 – 03/01/18 | $407.75 |
| Salvador | Boca | 03/01/17 – 03/01/18 | $407.75 |
| Lorenzo | Carrazco | 03/01/17 – 03/01/18 | $3,160.09 |
| Ubaldo | Encizo | 03/01/17 – 03/01/18 | $3,975.59 |
| Jose | Gomez | 03/01/17 – 03/01/18 | $101.94 |
| Clementina | Gonzales | 03/01/17 – 03/01/18 | $1,019.38 |
| Maria | Gonzales | 03/01/17 – 03/01/18 | $101.94 |
| Friday | Ken | 03/01/17 – 03/01/18 | $101.94 |
| Pedro | Lopez | 03/01/17 – 03/01/18 | $101.94 |
| Victor | Lopez | 03/01/17 – 03/01/18 | $1,325.20 |
| Ana | Lucas | 03/01/17 – 03/01/18 | $1,427.14 |
| Asalia | Martinez | 03/01/17 – 03/01/18 | $917.44 |
| Martin | Martinez | 03/01/17 – 03/01/18 | $1,529.07 |
| Orga | martinez | 03/01/17 – 03/01/18 | $101.94 |
| Cira | Mendez | 03/01/17 – 03/01/18 | $101.94 |
| Jorge | Ortega | 03/01/17 – 03/01/18 | $4,485.29 |
| Catarina | Pastor | 03/01/17 – 03/01/18 | $305.81 |
| Santos | Pastor | 03/01/17 – 03/01/18 | $101.94 |
| Brenda | Perez | 03/01/17 – 03/01/18 | $713.57 |
| Victor | Perez | 03/01/17 – 03/01/18 | $203.88 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| Eloisa | Pineda | 03/01/17 – 03/01/18 | $305.81 |
| Maria | Radilla | 03/01/17 – 03/01/18 | $4,994.98 |
| Aurelia | Reyes | 03/01/17 – 03/01/18 | $713.57 |
| Delmis | Roca | 03/01/17 – 03/01/18 | $2,140.70 |
| Imelda | Rosas | 03/01/17 – 03/01/18 | $1,223.26 |
| Juana | Ruiz | 03/01/17 – 03/01/18 | $1,529.07 |
| Duelce | Sanches | 03/01/17 – 03/01/18 | $2,140.70 |
| Monica | Santiago | 03/01/17 – 03/01/18 | $1,427.14 |
| Antonio | Tzita | 03/01/17 – 03/01/18 | $2,548.46 |
| Agele | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Alicia | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Alverto | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Andrea | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Angela | Unknown | 03/01/17 – 03/01/18 | $509.69 |
| Angeles | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Angelica | Unknown | 03/01/17 – 03/01/18 | $1,019.38 |
| Avelino | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Elias | Unknown | 03/01/17 – 03/01/18 | $305.81 |
| Gerardo | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Gloria | Unknown | 03/01/17 – 03/01/18 | $203.88 |
| Jaime | Unknown | 03/01/17 – 03/01/18 | $203.88 |
| Jesica | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Joaquina | Unknown | 03/01/17 – 03/01/18 | $203.88 |
| Lunes | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Manuela | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Marcos | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Mari | Unknown | 03/01/17 – 03/01/18 | $611.63 |
| Maricela | Unknown | 03/01/17 – 03/01/18 | $611.63 |

| | | | |
|---|---|---|---|
| Miguel | Unknown | 03/01/17 – 03/01/18 | $305.81 |
| Popirio | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Roberto | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Santiago | Unknown | 03/01/17 – 03/01/18 | $203.88 |
| Telma | Unknown | 03/01/17 – 03/01/18 | $203.88 |
| Teresa | Unknown | 03/01/17 – 03/01/18 | $101.94 |
| Zoraida | Unknown | 03/01/17 – 03/01/18 | $203.88 |
| Rosa | Valtasar | 03/01/17 – 03/01/18 | $407.75 |
| Tomas | Vicente | 03/01/17 – 03/01/18 | $815.51 |
| | | | |
| | | | |